WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Marie Swain, | No. CV-16-4306-PHX-DKD |
| Plaintiff, | |
| v. | **ORDER** |
| Child Protective Services, et al., | |
| Defendants. | |

    This Order addresses Plaintiff's request to proceed without the prepayment of fees because of her indigency, as well as the complaint Plaintiff filed on December 8, 2016.

    In every case where a Plaintiff seeks to file a case without the prepayment of fees the Court is required to analyze plaintiff's complaint to determine whether that complaint should be dismissed because it is not a case that is properly brought in federal court. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's complaint appears to allege wrongs associated with a state agency case plan (perhaps pursuant to state court proceedings) involving the custody of her children. In particular, the complaint alleges that "CPS [is] not following the due process of court and Julia Heins [is] telling lies in the TDM meeting before the court." There is however nothing in Plaintiff's complaint which demonstrates the existence of federal court jurisdiction in this case.

    Plaintiff should understand that the federal courts of the United States are courts of *limited jurisdiction* and only matters that are authorized under the Constitution or laws of

the United States may be brought in federal court. In contrast, the state courts are courts of *general jurisdiction* and thus most matters are properly heard in state courts.

If there is federal jurisdiction for this case, Plaintiff's complaint must show that this is so. The Federal Rules of Civil Procedure (available on-line or in any public library) require that Plaintiff's complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Federal Rule of Civil Procedure 8(a)(1). Again, federal court jurisdiction is limited to matters arising under the constitution and laws of the United States (this is called "federal question jurisdiction") or cases where citizens of different states are the plaintiff and defendant and the amount in controversy exceeds $75,000 (this is called "diversity jurisdiction"). If Plaintiff contends that federal question jurisdiction exists, Plaintiff must specifically state which Constitutional provision or federal statute confers such jurisdiction. A general or non-specific reference to the Constitution or laws of the United States is insufficient. Moreover, federal courts are required to respect state court proceedings and may decline to exercise jurisdiction over matters where a state court is engaged. *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941). It may well be that Plaintiff's grievances may be addressed in the Superior Court for the State of Arizona or the appellate courts of this state.

To provide Plaintiff with the opportunity to allege federal court jurisdiction if Plaintiff thinks it exists, the Court will grant Plaintiff leave to file an amended complaint. Any amended complaint must comply with Federal Rule of Civil Procedure 8(a) and therefore must satisfy the jurisdictional showing discussed above as well as set forth "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Plaintiff must take care to set forth specifically which federal statute or provision of the U.S. Constitution was violated by which defendant.

**IT IS HEREBY ORDERED** that Plaintiff shall file an amended complaint complying with this Order within twenty-one (21) days of the date of this Order. The Court will hold in abeyance its ruling on Plaintiff's request to proceed without the

prepayment of fees and costs until after it has had the opportunity to review Plaintiff's amended complaint. Plaintiff is advised that failure to comply with this Order may result in the dismissal of this matter.

Dated this 7th day of February, 2017.

_____
David K. Duncan
United States Magistrate Judge